UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN ALAN MORRIS,

    Plaintiff,                        Case No. 2:21-CV-10057

                                        HONORABLE LAURIE J. MICHELSON

v.

O.T. WINN,

    Defendant,
_____/

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

Plaintiff Ryan Morris is a state inmate confined at the Saginaw Correctional Facility in Freeland, Michigan. He brought this lawsuit seeking early parole as a result of the coronavirus pandemic. (ECF No. 1.) On January 28, 2021, Executive Magistrate Judge R. Steven Whalen signed an order of deficiency. (ECF No. 4.) The order required Plaintiff to provide an application to proceed without prepayment of fees and costs, an authorization to withdraw from his trust fund account, a signed certification of his prison trust account from an authorized prison official, and a current computerized trust fund account showing the history of the financial transactions in Plaintiff's institutional trust fund account for the past six months. (*Id*.) Alternatively, the order allowed Plaintiff to pay the three hundred and fifty ($350.00) dollar filing fee, plus the $52.00 administrative fee, in full. (*Id*.) Plaintiff was given thirty days to comply with the order. (*Id*.) To date, Plaintiff has not paid the filing fee nor supplied the requested documentation.

28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs for a civil complaint in federal court to file a certified copy of his trust fund account statement for the six month period immediately preceding the filing of the complaint, obtained

1

from the appropriate official of each prison at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997).

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *McGore*, 114 F. 3d at 605. If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.* If the fee is not paid, the district court must then order that the case be dismissed for want of prosecution. *Id.*

Thus, the Court will dismiss the complaint for want of prosecution because of plaintiff's failure to comply with Magistrate Judge Whalen's deficiency order by failing to timely pay the filing fee or to provide the requested documentation needed to proceed *in forma pauperis*. *See, e.g.*, *Erby v. Kula*, 113 F. App'x 74, 75–76 (6th Cir. 2004).

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act. Nothing in this order precludes Plaintiff from filing a new civil rights complaint under a new case number so long as he pays the filing and administrative fees or provides the complete and correct information necessary to proceed without prepayment of fees.

Dated: April 19, 2021

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE